

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-14-00220-CR

_____

DEMUS FLORES, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B18264-1001, Honorable Edward Lee Self, Presiding

_____

January 14, 2015

MEMORANDUM OPINION

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant Demus Flores appeals from the trial court's order revoking his deferred adjudication community supervision, adjudicating him guilty of the offense of burglary of a habitation[1] and sentencing him to twenty years of imprisonment and a $10,000 fine.

---

[1] *See* TEX. PENAL CODE ANN. § 30.02 (West 2012).

In presenting this appeal, counsel has filed an *Anders*[2] brief in support of a motion to withdraw. We will grant counsel's motion and affirm the judgment of the trial court.

In support of his motion to withdraw, counsel certifies he has conducted a conscientious examination of the record and, in his opinion, the record reflects no potentially plausible basis to support an appeal. *Anders,* 386 U.S. at 744-45; *In re Schulman, 252* S.W.3d 403, 406 (Tex. Crim. App. 2008). Counsel discusses why, under the controlling authorities, the appeal is frivolous. *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. 1978). Counsel has demonstrated that he has complied with the requirements of *Anders* by providing to appellant a copy of the brief, motion to withdraw, clerk's and reporter's records, and notifying him of his right to file a *pro se* response if he desired to do so. *See Kelly v. State,* 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d at 408. By letter, we granted appellant an opportunity to exercise his right to file a response to counsel's brief. Appellant did not file a response.

By the *Anders* brief, counsel raises the following potential issues: (1) error in the indictment; (2) error in the original guilty plea, including the provision of admonishments; (3) competency of appellant to enter a plea; (4) voluntariness of plea; (5) error in the motion to revoke community supervision, including the provision of admonishments; (6) error in sentencing; and (7) ineffective assistance of counsel. Counsel then explains that reversible error is not presented and there are no good faith grounds to support the appeal. We agree.

---

[2] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

When reviewing an order revoking community supervision, the sole question before the appellate court is whether the trial court abused its discretion. *Rickels v. State,* 202 S.W.3d 759, 763 (Tex. Crim. App. 2006); *Cardona v. State,* 665 S.W.2d 492, 493 (Tex. Crim. App. 1984). In a revocation proceeding, the State must prove by a preponderance of the evidence that the probationer violated a condition of community supervision as alleged in the motion. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993). If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking community supervision. *Cardona,* 665 S.W.2d at 494. In determining the sufficiency of the evidence to sustain a revocation, we view the evidence in the light most favorable to the trial court's ruling. *Jones v. State,* 589 S.W.2d 419, 421 (Tex. Crim. App. 1979).

Appellant plead guilty in 2010 to the second-degree felony offense of burglary of a habitation. The court placed appellant on deferred adjudication community supervision for a period of four years. His community supervision was subject to certain terms and conditions.

Thereafter, the State filed several motions to proceed with an adjudication of appellant's guilt. In its March 2014 motion, the State alleged appellant tested positive for marijuana on multiple occasions; tested positive for cocaine; failed to pay required fees; and failed to report as ordered for seven months. At the May 2014 hearing on the motion, appellant plead "true" to each of the State's allegations. Appellant's community supervision officer testified to appellant's commission of two criminal offenses during his time on community supervision and recommended that appellant's community

3

supervision be revoked. After finding the State's allegations to be true, the court heard evidence pertaining to sentencing and assessed the punishment noted.

Counsel concludes the trial court did not abuse its discretion in revoking appellant's community supervision, and we agree. Appellant plead "true" to the allegations in the State's motion. A plea of "true" to even one allegation in the State's motion is sufficient to support a judgment revoking community supervision. *Cole v. State,* 578 S.W.2d 127, 128 (Tex. Crim. App. 1979); *Lewis v. State*, 195 S.W.3d 205, 209 (Tex. App.—San Antonio 2006, pet. denied).

We further agree with counsel in concluding the record does not support a contention the court acted outside the zone of reasonableness in imposing appellant's sentence as it was within the range prescribed by the Penal Code for this offense. *See* TEX. PENAL CODE ANN. § 30.02 (West 2012); TEX. PENAL CODE ANN. § 12.34 (West 2012).

We have independently examined the entire record to determine whether there are any non-frivolous issues which might support the appeal. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *In re Schulman,* 252 S.W.3d at 409; *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991). We have found no such issues. After reviewing the record and counsel's brief, we agree with counsel that there are no plausible grounds for appeal. *Bledsoe v. State,* 178 S.W.3d 824 (Tex. Crim. App. 2005).

Accordingly, counsel's motion to withdraw is granted[3] and the trial court's judgment is affirmed.

James T. Campbell
Justice

Do not publish.

---

[3] Counsel shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review. TEX. R. APP. P. 48.4.